# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDY DIAZ,** | : | CIVIL ACTION |
| *Petitioner* | : | |
| v. | : | |
| | : | |
| **THOMAS MCGINLEY, et al.** | : | NO. 18-3575 |
| *Respondents* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                                                OCTOBER 22, 2018

Mr. Diaz's September 23, 2019 letter to the Court suggests that reviewing his trial transcripts has led him to believe he has discovered new claims that—had he had access to his trial transcripts prior to this calendar year—he would have raised in his direct appeals or state post-conviction proceedings. He asks the Court to "remand [him] back to the lower courts so [he] can start [his] appeal process over" now that he has "all the evidence." Doc. No. 32.

Mr. Diaz has had difficulty obtaining his trial transcripts. According to letters he has submitted to the Court since first filing his habeas petition, Mr. Diaz (1) attempted for four years to obtain his trial transcripts from his trial lawyer, his post-conviction relief lawyer, and the Philadelphia Clerk of Courts; and (2) received incomplete transcripts after this Court ordered his trial transcripts mailed to him on November 1, 2018. Doc. Nos. 11, 15. However, following an additional request from Mr. Diaz, the Court ordered that all missing pages from Mr. Diaz's trial transcripts be mailed to him on November 15, 2018. Doc No. 16.

Upon receiving his full trial transcripts at that time, had Mr. Diaz determined that there were additional claims he wanted to add, he could have sought leave to amend. *See Belle v. Varner*, No. CIV. A. 99-5667, 2001 WL 1021135, at *9 (E.D. Pa. Sept. 5, 2001) ("A motion to amend a habeas petition is governed by the Federal Rules of Civil Procedure.") (citing *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir. 1999)). If these additional claims related back to his original petition and were fully exhausted,

1

the Court could have had discretion to grant such a request. *See Riley v. Taylor*, 62 F.3d 86, 91 (3d Cir. 1995) (reversing and remanding where district court denied leave to amend and two new claims "appear[ed] to be fully exhausted and not the subject of procedural default").

Alternatively, if Mr. Diaz's new claims were not fully exhausted, this Court could not have considered them. *See Rose v. Lundy*, 455 U.S. 509 (1982) (requiring district courts dismiss "mixed petitions" that contain both exhausted and unexhausted claims). Mr. Diaz would then have been faced "with the choice of returning to state court to exhaust his claims" or keeping his petition as submitted, presenting "only exhausted claims to the district court." *Id.* at 510.

Mr. Diaz pursued neither path. Instead, after the response to his petition was filed on January 7, 2019, Doc. No. 17, and Magistrate Judge Rueter submitted his Report and Recommendation on March 1, 2019, Doc. No. 20, Mr. Diaz sent his trial transcripts to a prospective attorney and they were reportedly lost in the mail. Doc. No. 31. Mr. Diaz informed the Court of this occurrence on May 29, 2019 and requested another copy of the transcripts. *Id.* The Court mailed another copy to Mr. Diaz and gave him 30 days from the date of that Order to file any objections to Magistrate Judge Rueter's Report and Recommendation. Doc. No. 30.

Now, having received this new copy of his trial transcripts in September of 2019, Mr. Diaz reports that this is the first time he has actually read his transcripts and appears to ask that he be permitted to raise new claims in state court. Doc. No. 32. To do so, the Court would have to dismiss Mr. Diaz's habeas petition. However, Mr. Diaz should be aware that, unlike when he first received the full transcripts in November of 2018, more than a year has passed since he filed his habeas petition with the Court. Mr. Diaz's petition is subject to a one-year period of limitation, which means Mr. Diaz must file any application for a writ of habeas corpus within one year of any of the dates described in 28 U.S.C. §§ 2244(d)(1)(A)–(D). Because Mr. Diaz filed his petition more than a year ago, and understanding that "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations," *Rhines*

2

*v. Weber*, 544 U.S. 269, 274–75 (2005), if Mr. Diaz's petition is dismissed (even because he has requested remand), he will be time-barred from raising any of the arguments from this petition in any subsequent habeas petition. The exception to this rule—equitable tolling—may well not apply in this case. *See United States v. Shabazz*, No. CIV.A. 05-4717, 2006 WL 2854301, at *4 (E.D. Pa. Oct. 4, 2006) (finding that "a lack of legal resources, including trial transcripts, does not constitute an extraordinary situation" warranting equitable tolling); *Payne v. Digulielmo*, No. CIV.A. 03-6765, 2004 WL 868221, at *3 (E.D. Pa. Apr. 21, 2004) (declining to exercise equitable tolling where petitioner missing his transcripts had "not identified any reason why he could not file a habeas petition and amend it later after obtaining his records"). These are matters that Mr. Diaz may need to raise with counsel. The Court cannot advise him.

Mr. Diaz is the owner of his claims and may pursue them as he sees fit. However, the Court encourages Mr. Diaz to seriously consider whether it would be wise to abandon his current claims to pursue supposed new ones (noting that proving the claims are truly newly discovered typically carries with it a very high burden for Mr. Diaz), or if he should use the transcripts to file objections to Magistrate Judge Rueter's Report and Recommendation at this time. If Mr. Diaz wishes to file objections, he must do so within 30 days of the date of the Order accompanying this Memorandum. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

3